```
IN THE UNITED STATES DISTRICT COURT FOR THE
       NORTHERN DISTRICT OF WEST VIRGINIA
```

**KEITH ISAIAH GLENN,**

        **Plaintiff,**

v.                                           **Civil Action No. 1:15CV16**
                                                          **(Judge Keeley)**

**CENTRAL REGIONAL JAIL,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR RECONSIDERATION [DKT. NO. 9]**

Pending before the Court is a motion for reconsideration filed by the pro se plaintiff, Keith Isaiah Glenn ("Glenn"), seeking to reopen his case, which this Court previously dismissed without prejudice. For the following reasons, the Court **DENIES** the motion.

**I. BACKGROUND**

On January 30, 2015, the pro se plaintiff, Keith Isaiah Glenn ("Glenn"), a federal inmate then incarcerated at the Central Regional Jail in Sutton, West Virginia, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. §1983 against the defendant, the Central Regional Jail ("CRJ"). The Clerk docketed this case as an action pursuant to 28 U.S.C. § 1983.

According to the complaint, on September 12, 2014, a "Sert-team," consisting of Officers King, Long, Cool, Blake, and Gwinn, destroyed all of Glenn's personal property, including irreplaceable pictures of his daughter and grandparents. The complaint asserts a claim for $603.40 in property and personal injury damages, and includes a list of all of the items allegedly destroyed by the

officers. (Dkt. No. 1).

The Clerk of Court issued a Notice of Deficient Pleading, directing Glenn to file his complaint on a court-approved form, and either pay the full filing fee, or file a motion to proceed as a pauper with certain supporting documents within twenty-one days, or by February 20, 2015. (Dkt. No. 3). Further, the Clerk issued a Notice of General Guidelines for Appearing Pro Se in Federal Court. Of significant import, the pro se guidelines specifically directed Glenn to keep the Court and opposing counsel, if any, apprised of his most current address at all times, and explicitly warned that "Failure to do so may result in your action being dismissed without prejudice." The deficiency notice and the pro se guidelines were sent to Glenn via certified mail, return receipt requested. A review of the docket reveals that both the deficiency notice and the pro se guidelines were delivered to and accepted at the Central Regional Jail on February 2, 2015. (Dkt. No. 4).

On February 25, 2015, having received no response to the deficiency notice from Glenn, the magistrate judge issued a Show Cause Order, directing him to show cause within 14 days, or by March 11, 2015, why his case should not be dismissed for failure to prosecute. (Dkt. No. 5). The Order was sent to Glenn via certified mail, return receipt requested. A review of the docket indicates that the Show Cause Order was returned as undeliverable on March 9,

**GLENN V. CENTRAL REGIONAL JAIL**                                    **1:15CV16**

**ORDER DENYING MOTION FOR RECONSIDERATION [DKT. NO. 9]**

2015, although Glenn had not apprised the Court of any change in his address. (Dkt. No. 6).

As a result, on March 19, 2015, the Court entered an Order dismissing Glenn's case without prejudice for failure to prosecute. (Dkt. No. 7). That order also was returned as undeliverable. (Dkt. No. 8). Moreover, Glenn still had not filed any notice of his change of address with the Court.[1]

More than three (3) months later, on July 28, 2015, Glenn moved to reopen the case, which the Court construes as a motion for reconsideration of its Order dismissing his case (dkt. no. 9). In his motion, Glenn claimed that he was previously unable to proceed due to his transfer to a different facility, but was now prepared to move forward on his claims. At the time the motion was filed, Glenn was incarcerated at the Federal Correctional Institution in Berlin, New Hampshire. Although Glenn had again failed to notify it of his change of address, the Court was able to update his address on the docket based on the return address on his filing.

---

[1] In its order, the Court noted that a search of the BOP's federal "Inmate Locator" website indicated that Glenn was not in federal custody at that time and his release date was "unknown." Nonetheless, a current search of the inmate locator website shows that Glenn is currently incarcerated at FCI McLean in Lewis Run, Pennsylvania, and has a release date of March 17, 2021. Glenn has again failed to inform the Court of his change of address and, therefore, has failed to comply with LR PL 6 and the Court's Notice of General Guidelines for Appearing Pro Se in Federal Court.

## II. STANDARD OF REVIEW

Motions to reconsider provide litigants with an opportunity to seek correction of "manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985); see also Miller v. Jack, 2007 WL 2255299 at *1 (Aug. 3, 2007). The decision whether to grant a motion to reconsider is within the sole discretion of the Court and is reviewed under an abuse of discretion standard. Harsco, 779 F.2d at 909; Miller, 2007 WL 2255299 at *2.

It is inappropriate to grant a motion to reconsider when the movant merely asks the Court to "rethink what the Court has already thought through—rightly or wrongly." Miller, 2007 WL 2255299 at *2 (citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va. 1983)). Examples of circumstances sufficient to support a motion to reconsider include those in which "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Above the Belt, 99 F.R.D. at 101. Additionally, significant changes to the law or facts since the court last ruled on the issue may provide the basis to grant a motion to reconsider. Id.

### III. DISCUSSION

Glenn has proffered none of the circumstances sufficient to support his motion to reconsider. He simply has failed to prosecute his case, despite sufficient warning that doing so would result in its dismissal. Further, Glenn has provided no sufficient excuse for his repeated failure to update his change of address, even over the year this case has been active, and in spite of the fact that he could easily have completed the one page notice of address change form at virtually any point. Finally, Glenn has provided no basis for his delay of over three-and-a-half months between the Court's dismissal of his case and the filing of his motion for reconsideration. Accordingly, Glenn has presented no good cause for the Court to reconsider its dismissal of his case.

In addition, it must also be noted that this case was due to be dismissed in any event, because the plaintiff's only named defendant is an improper defendant.[2] To state a claim under 42 U.S.C. §1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. See Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982). The Central Regional Jail is not a proper defendant because it is not a person subject to suit under 42

---

[2]This also was clearly noted in the Court's previously entered Order dismissing this case on March 19, 2015 (dkt. no. 7).

**GLENN V. CENTRAL REGIONAL JAIL**  1:15CV16

**ORDER DENYING MOTION FOR RECONSIDERATION [DKT. NO. 9]**

U.S.C. §1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. §1983 . . . ."); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under §1983 are directed at 'persons' and the jail is not a person amenable to suit.").

### IV. CONCLUSION

For the reasons discussed, the Court **DENIES** Glenn's motion (dkt. no. 9), and **ORDERS** the Clerk to **STRIKE** this case from the Court's active docket.

It is so **ORDERED**.

The Court directs the Clerk to transmit a copy of this order to Barrett by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 24, 2016

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE